UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 10417

-----------------------------------------------------------------X

WESTERN BULK PTE LTD,

                Plaintiff,

    - against -

BRAMPTON SHIPPING S.A.,

                Defendant.

-----------------------------------------------------------------X

08 CV _____

## VERIFIED COMPLAINT

Plaintiff, WESTERN BULK PTE LTD (hereinafter referred to as "Plaintiff"), by

and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified

Complaint against the Defendant, BRAMPTON SHIPPING S.A. (hereinafter

"Defendant") alleges, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim

involves the breach of maritime contract of charter. This matter also arises under the

Court's federal question jurisdiction within the meaning of 28 United States § 1331 and

the New York Convention on the Recognition and Enforcement of Foreign Arbitral

Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2.     At all times material to this action, Plaintiff was, and still is, a foreign

corporation, or other business entity, organized under, and existing by virtue of foreign

law and was at all material times the owner of the motor vessel "PACIFIC SCORPIO"

(hereinafter the "Vessel").

3.      Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law, and was at all material times the Charterer of the Vessel.

4.      By a fixture recap and charter party dated September 5, 2008, Plaintiff chartered the Vessel to Defendant for the carriage of "40,000 metric tons 10 percent more or less owners option wheat in bulk."

5.      Pursuant to the fixture recap and charter party, Defendant agreed to pay freight at the rate of $62.00 per metric ton.

6.      Pursuant to the fixture recap and charter party, Defendant agreed to pay demurrage[1]   at the rate of $50,000.00 per day of 24 consecutive hours or pro rata.

7.      Plaintiff delivered the Vessel into the service of the Defendant and fully performed all duties and obligations under the fixture recap and charter party.

8.      A dispute arose between the parties regarding Defendant's failure to pay demurrage and freight payments due and owing to Plaintiff under the fixture recap and charter party contract.

9.      As a result of Defendant's breach of the fixture recap and charter party due to its failure to pay demurrage and freight payments of the Vessel, Plaintiff has sustained damages in the total principal amount of $558,643.98, exclusive of interest, arbitration costs and attorneys fees.

10.     Despite due and repeated demand, Defendant has failed to pay the amounts due and owing under the fixture recap and charter party. *See Statement of Account annexed hereto as Exhibit 1.*

---

[1] Demurrage is a liquidated damage for delay set forth in the charter party that requires a charterer to pay to owner when the vessel is prevented from the loading or discharging of cargo within the stipulated laytime (i.e., the maximum time permitted in the charter party for cargo operations)– here stipulated by the parties as $50,000 pdpr.

11.     Pursuant to the fixture recap and charter party, disputes between the parties are to be submitted to arbitration in London subject to English law.  Plaintiff intends to commence arbitration of its claim against Defendant.

12.     This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

13.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law.  Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party.  As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | | |
|---|---|---|---|
| A. | Demurrage:<br>($50,000.00/day x 15.19722 days) | $759,861.00 | |
| | Freight:<br>($62.00/mt x 41288.211 mt) | $2,559,869.08 | |
| | Less commissions, despatch<br>and amounts received | ($2,761,086.10) | |
| | Total Principal Claim: | | $558,643.98 |
| B. | Estimated interest on claim –<br>3 years at 7.5% compounded quarterly: | | $139,502.55 |
| C. | Estimated arbitration costs: | | $20,000.00 |
| D. | Estimated attorneys' fees and expenses: | | $35,000.00 |
| **Total:** | | | **$753,146.53** |

14.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or

will have during the pendency of this action, assets within this District and subject to the

jurisdiction of this Court, held in the hands of garnishees within the District which are

believed to be due and owing to the Defendant. *See Affidavit in Support annexed hereto*

*as Exhibit 2.*

15.     The Plaintiff seeks an order from this Court directing the Clerk of Court to

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia,*

any assets of the Defendant held by any garnishees within the District for the purpose of

obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as

described above.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendant, citing it to

appear and answer under oath all and singular the matters alleged in the Complaint failing

which default judgment be entered against it;

B.      That since the Defendant cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court

issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and

Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and

Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading,

effects, debts and monies, tangible or intangible, or any other funds up to the amount of

**$753,146.53** belonging to, due or being transferred to, from, or for the benefit of the

Defendant, including but not limited to such property as may be held, received or

transferred in Defendant's name or as may be held, received or transferred for its benefit

at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.      That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D.      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.      That, in the alternative, this Court enter Judgment against the Defendant for the claims set forth herein;

F.      That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

G.      That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

H.      That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:  December 2, 2008

The Plaintiff,
WESTERN BULK PTE LTD

By: _____
Coleen A. McEvoy/ Patrick F. Lennon
LENNON, MURPHY & LENNON, LLC
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile
cam@lenmur.com
pfl@lenmur.com

## ATTORNEY'S VERIFICATION

1.      My name is Coleen A. McEvoy.

2.      I am over 18 years of age, of sound mind, capable of making this
Verification, and fully competent to testify to all matters stated herein.

3.      I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys
for the Plaintiff.

4.      I have read the foregoing Verified Complaint and know the contents
thereof and believe the same to be true and accurate to the best of my knowledge,
information and belief.

5.      The reason why this Verification is being made by the deponent and not
by the Plaintiff is that the Plaintiff is a business organization with no officers or directors
now within this District.

6.      The source of my knowledge and the grounds for my belief are the
statements made, and the documents and information received from, the Plaintiff and
agents and/or representatives of the Plaintiff.

7.      I am authorized to make this Verification on behalf of the Plaintiff.

Dated:  December 2, 2008

_____
Coleen A. McEvoy

# EXHIBIT 1



BRAMPTON SHIPPING S.A.

Doc. Date:                02.12.2008

# STATEMENT OF ACCOUNT

## REFERENCE/CP DATE: PASC025/ 05.09.2008

Vessel: PACIFIC SCORPIO
CP date: 05.09.2008

USD

| | |
|---|---:|
| | -31,998.36 |
| Less 1.25% broker commission (GFIB) | 2,559,869.08 |
| Freight, WHEAT, Novorossiysk/Karachi, USD 62/mt x 41288,211 mt | -95,995.09 |
| Less 3.75% address commission | 759,861.00 |
| Demurrage USD 50000/day x 15,19722 days | -9,498.26 |
| Less 1.25% broker commission (GFIB) | -28,494.79 |
| Less 3.75% address commission | -34,817.75 |
| Despatch USD 25000/day x 1,39271 days USD 25000/day x 1,39271 days | -2,310,281.65 |
| Recvd frt fm Brampton Shipping | -128,406.22 |
| Recvd freight fm Brampton mv Pacific Scorpio v25 | -121,593.78 |
| Recvd freight fm Brampton mv Pacific Scorpio v25 | |

**Total Payable**

558,643.98

U.S. Dollar Five Hundred Fifty Eight Thousand Six Hundred Forty Three And Ninety Eight Cents Only

Please remit the exact amout free of bank charges to our bankers, Nordea Bank Norge ASA, ,
N-0107 Oslo, Norway – SWIFT/BIC: NDEANOKK
IBAN: NO98 60060443532

Payments to be received in full by our bank from Charterer's bank on due date. Interest at 1%
above prevailing US Prime Rate will be charged on invoice amount in case of late payment.

Reference: Pacific Scorpio

Postal address:
Western Bulk Carriers KS
Karenslyst alle 8B
P.O. Box 78 Skoyen
N-0212 Oslo
NORWAY

Visiting address:
N-0212 Oslo
NORWAY

Telephone:
+47 2313 3400

Telefax
+47 2313 3490

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WESTERN BULK PTE LTD.,                          :
                                                :
                          Plaintiff,            :          08 Civ.
                                                :
         - against -                            :
                                                :
BRAMPTON SHIPPING S.A.,                         :
                                                :
                          Defendant.            :
-------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut   )
                       )        ss:  Town of Southport
County of Fairfield    )

Coleen A. McEvoy, being duly sworn, deposes and says:

1.       I am a member of the Bar of this Court and represent the Plaintiff herein. I am

familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

## DEFENDANT IS NOT PRESENT IN THE DISTRICT

2.       I have attempted to locate the Defendant, BRAMPTON SHIPPING S.A., within

this District. As part of my investigation to locate the Defendant within this District, I checked

the telephone company information directory, as well as the white and yellow pages for New

York listed on the Internet or World Wide Web, and did not find any listing for the Defendant.

Finally, I checked the New York State Department of Corporations' online database which

showed no listings or registration for the Defendant.

3.    I submit based on the foregoing that the Defendant cannot be found within this

District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and

Maritime Claims.

4.    Upon information and belief, the Defendant has, or will have during the pendency

of this action, tangible and intangible property within this District and subject to the jurisdiction

of this Court, held in the hands of in the hands of garnishees within this District, which are

believed to be due and owing to the Defendant.

5.    This is Plaintiff's first request for this relief made to any Court.

## PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

6.    Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil

Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy,

Nancy R .Peterson, Coleen A. McEvoy, Anne C. LeVasseur or any other partner, associate,

paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by

Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order

and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon

the garnishee(s), together with any other garnishee(s) who (based upon information developed

subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendant.

7.    Plaintiff seeks to serve the prayed for Process of Maritime Attachment and

Garnishment with all deliberate speed so that it may be fully protected against the potential of

being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the

Defendant.

2

8.     To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

## PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

9.     Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendant, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

## PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

10.     Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served and throughout the next day, provided that process is served the next day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

3

## PRAYER FOR RELIEF TO TEMPORARILY SEAL CASE

11.     Upon information and belief, it is the practice of many law firms in the maritime bar to review the daily electronic docket sheet of the Southern District of New York for all maritime actions filed in the district and inform the defendant(s) named therein of any Ex Parte Orders of Attachment pending against them, thus defeating the purpose of the "Ex Parte" application.

12.     Upon information of belief, it is the practice of certain publications, specifically Tradewinds, to publish the names of defendants named in Ex Parte Orders of Attachment, thus further defeating the purpose of the "Ex Parte" application.

13.     Upon information and belief, Tradewinds has very recently publicized the names of parties in Rule B proceedings, the amount of the attachments, and other details of the actions, thereby further defeating the purpose of the "Ex Parte" application.

14.     The Courts within the Southern District of New York have an interest in preserving the efficacy of the Ex Parte Orders issued therein.

15.     The above interest supersedes the interest in maintaining a completely public docket, especially given that the public's access will only be limited temporarily until assets are attached and notice of attachment has been provided to the Defendant.

16.     Indeed, the public's access to Ex-Parte Orders of Maritime Attachment defeats their entire purpose, by depriving Plaintiffs of the element of surprise and potential allowing Defendants to re-route their funds to avoid the attachment, thus making the attachment remedy hollow.

4

17.     For the foregoing reasons, Plaintiff requests that the Court issue an Order temporarily sealing the court file in this matter, including the Verified Complaint and all other pleadings and Orders filed and/or issued herein until further notice of this Court or notification to the clerk that property has been attached.

18.     This request is narrowly tailored to meet Plaintiff's needs.  Once property is attached, the case should be unsealed, as the interest underlying sealing the case will have been largely eliminated.

Dated: December 2, 2008
       Southport, CT

_____
Coleen A. McEvoy

Sworn and subscribed to before me
this 2nd day of December, 2008.

_____
Notary Public / Commissioner of the
Superior Court

Mary E. Fedorchak
Notary Public-Connecticut
My Commission Expires
November 30, 2011

5